RICHARDS *v.* SCHOEN INVESTMENT COMPANY *et al.*

No. 8673.   JUNE 17, 1932.

*A. C. Corbett,* for plaintiff in error.

*G. S. Peck, W. B. Cody, J. L. Mayson, C. S. Winn,* and *J. C. Savage,* contra.

BECK, P. J.   G. A. Richards, transferee of a city tax fi. fa. against Mrs. Anne Sue Sharp, which was a lien against several parcels of real estate, had the same levied upon one of the parcels, which had been conveyed by defendant in fi. fa. by warranty deed to a mortgage company, and, after foreclosure, to Schoen Investment Company, and by the latter to W. F. Thompson by warranty deed, Schoen Investment Company taking back at the same time a purchase-money security deed.   Thompson failing to file a claim to the land, Schoen Investment Company filed an equitable petition seeking an injunction against the enforcement of the fi. fa. by levy against the lot of land in question, and praying that the levy of the tax execution be dismissed.   The petitioner's right to the relief sought depended upon whether or not the lot of land levied upon was sold and alienated after the other parcels of land referred to had been sold, so as to bring it within the rule contained in the Code, § 6029, which provides that "If the property subject to

such lien is sold in several parcels at different times, the parcels should be charged in the inverse order of their alienation."

The case was heard by the judge without the intervention of a jury, on an agreed statement of facts; and the judgment and decree of the court was, in part, that "the property levied on at No. 598 Seminole Avenue N. E. [this being the parcel of land in question here], described in the petition, was not the last parcel of property alienated by Mrs. Anne Sue Sharp from among several parcels of land which were returned by her and were subject to the lien of 1927 City of Atlanta taxes." We are of the opinion that this finding of the court was authorized under the agreed statement of facts. And that being true, the court did not err in decreeing that the levy of the tax execution against the property be dismissed. See *Felton* v. *Grier,* 109 *Ga.* 320 (35 S. E. 175).

*Judgment affirmed. Russell, C. J., and Atkinson, Hill, and Gilbert, JJ., concur.*